1  ISMAIL J. RAMSEY (CABN 189820)
   United States Attorney
2
   MICHELLE LO (NYRN 4325163)
3  Chief, Civil Division

4  DOUGLAS JOHNS (CABN 314798)
   Assistant United States Attorney
5
        150 Almaden Boulevard, Suite 900
6       San Jose, California 95113
        Telephone: (415) 846-8947
7       FAX: (408) 535-5081
        Douglas.Johns@usdoj.gov
8
   Attorneys for UNITED STATES OF AMERICA
9

10                  UNITED STATES DISTRICT COURT

11                 NORTHERN DISTRICT OF CALIFORNIA

12

13
   IN RE: REQUEST FOR INTERNATIONAL   )   MISC. NO.
14 JUDICIAL ASSISTANCE FROM THE        )
   INCHEON DISTRICT COURT, REPUBLIC    )
15 OF KOREA, IN THE MATTER OF          )   MEMORANDUM IN SUPPORT OF EX PARTE
   EUNYOUNG KIM V. MIN SONG            )   APPLICATION FOR ORDER PURSUANT TO 28
16                                     )   U.S.C. § 1782
                                       )
17                                     )
                                       )
18 _____ )

19

20

21

22

23

24

25

26

27

28

The United States of America, by its counsel, Ismail J. Ramsey, United States Attorney for the Northern District of California, and Douglas Johns, Assistant United States Attorney, submits this Memorandum of Law in support of the *Ex Parte* Application for an Order,[1] pursuant to 28 U.S.C. § 1782(a), to execute a Letter of Request from judicial authorities in Incheon, Republic of Korea, for international judicial assistance to obtain information from Google, Inc.

## INTRODUCTION

The request for international judicial assistance comes from the Incheon District Court in Incheon, Republic of Korea. Specifically, the Court has issued a Letter of Request requesting judicial assistance to obtain information for use in the case captioned *Eunyoung Kim v. Min Song*, Foreign Reference Number 2024-F-1264. See Declaration of Assistant United States Attorney Douglas Johns, Exhibit 1 (Letter of Request dated March 14, 2024) ("Johns Decl.").

The facts of this case, as stated in the Letter of Request, indicate that the matter is a civil proceeding in which the Korean Court is adjudicating whether the defendant slandered or made other derogatory and insulting comments about the plaintiff on, or through, a YouTube account or channel. *See id.* The Letter of Request states that the defendant uploaded a video slandering the plaintiff. The Letter of Requests states that the video is still on YouTube. The plaintiff seeks damages arising out of the defendant's conduct. *See id.*

To make its determination, the Korean Court is requesting information regarding the defendant's YouTube account or channel. The Korean Court is seeking (1) account information associated with the YouTube channel http://www.youtube.com/@user-zg5hk4iq3u; (2) information pertaining to the ownership of that YouTube channel; (3) information pertaining to the name, or names, who, or that,

---

[1] "Letters Rogatory are customarily received and appropriate action taken with respect thereto ex parte. The witnesses can and have raised objections and exercised their due process rights by motions to quash the subpoenas." *In re Letters Rogatory from Tokyo Dist., Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976). *See also Banca Pueyo SA v. Lone Star Fund IX (US), L.P.*, 55 F.4th 469, 474 (5th Cir. 2022) (commenting that "it is not unusual for § 1782(a) applications to be made on an *ex parte* basis to the district court" and holding that the *ex parte* process should not restrict a respondent's legal rights). Note, even though these applications are generally filed *ex parte*, they do not need to be filed under seal. See, e.g., Order denying Motion to Seal U.S.'s Application for Ex Parte Order Appointing Commissioner Pursuant to 28 U.S.C. § 1782, In re Mutual Assistance of Local Court of Wetzlar, Germany, 1:17-mc-00078-SKO, 2018 WL 306678, at *3 (E.D. Cal. Jan. 5, 2018).

signed up for the previously listed YouTube channel such as the name, address, phone number, cellular phone number, email address, and identification number associated with the channel's account; and (4) information pertaining to the receipt of any profits from the account or where any profits from the previously listed channel are deposited. *See id.* The information sought is relevant and appears to pertain to the plaintiff identifying and contacting the defendant as well as investigating the defendant's YouTube account or channel. The defendant allegedly slandered the plaintiff through the YouTube account or channel referenced above. *See id.*

The Korean Court's request was transmitted to the U.S. Department of Justice, Civil Division, Office of Foreign Litigation, Office of International Judicial Assistance, Washington, D.C. pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, Mar. 18, 1970, 23 U.S.T. 2555, 847 U.N.T.S. 12140 [hereinafter HCCH 1970 Evidence Convention].

The request was then transmitted to the U.S. Attorney's Office for the Northern District of California for execution in accordance with 28 C.F.R. § 0.49(c). In order to execute these requests for international judicial assistance, authority must be obtained from this Court. 28 U.S.C. § 1782.

**ATTEMPTS TO OBTAIN THE REQUESTED INFORMATION AND GOOGLE'S COOPERATION**

On or about May 31, 2024, AUSA Johns first wrote to Google about the Korean Court's request for international judicial assistance. *See* Johns Decl. ¶ 4. AUSA Johns and Google conferred about the Korean Court's request for international judicial assistance. *See* Johns Decl. ¶ 5.

Google agreed to cooperate and produce the requested information in its possession pursuant to a subpoena issued under 28 U.S.C. § 1782. *See* Johns Decl. ¶ 6. Google reviewed a draft of the proposed subpoena and proposed order for this Application. *See* Johns Decl. ¶ 6. Google stated that if the subpoena was entered, Google would respond to the subpoena pursuant to its operations, policies, and practices. *See id.*

Google does not object to the entry of the accompanying proposed order. *See* Johns Decl. ¶ 8. This Application is unopposed.

**ARGUMENT**

**I.      THE HAGUE EVIDENCE CONVENTION**

The Hague Evidence Convention affords each signatory nation the use of the judicial process of other signatory nations, where such assistance is needed in civil or commercial matters, "to facilitate the transmission and execution of Letters of Request and to further the accommodation of the different methods which they use for this purpose." Hague Evidence Convention pmbl. The Hague Evidence Convention "prescribes certain procedures by which a judicial authority in one contracting state may request evidence located in another contracting state." *Société Nationale Industrielle Aérospatiale v. U.S. Dist. Court for the S. Dist. of Iowa*, 482 U.S. 522, 524 (1987). The Hague Evidence Convention is in force in both the United States and the Republic of Korea. Hague Conference on Private International Law, *Status Table for the Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters*, available at https://www.hcch.net/en/instruments/conventions/status-table/?cid=82 (last visited June 14, 2024) (The Hague Evidence Convention entered into force in the Republic of Korea on or around December 11, 2010).

Article 10 of the Hague Evidence Convention provides that:

> In executing a Letter of Request the requested authority shall apply the appropriate measures of compulsion in the instances and to the same extent as are provided by its internal law for the execution of orders issued by the authorities of its own country or of requests made by parties in internal proceedings.

Hague Evidence Convention, art. 10.

Furthermore, Article 9 of the Hague Evidence Convention provides, in pertinent part, that: "the judicial authority which executes a Letter of Request shall apply its own law as to the methods and procedures to be followed, and that a 'Letter of Request shall be executed expeditiously.'" *Id*. at art. 9.

Under Article VI of the United States Constitution, treaties, such as the Hague Evidence Convention, are the law of the land, on an equal footing with acts of Congress, and are binding on the courts. *See Bell v. Clark*, 437 F.2d 200, 203 (4th Cir. 1971). *See also Gandara v. Bennett*, 528 F.3d 823, 830 (11th Cir. 2008) (stating that self-executing treaties are "immediately and directly binding on state and federal courts pursuant to the Supremacy Clause.") (Roders, J., concurring); *Bishop v. Reno*, 210

F.3d 1295, 1299 (11th Cir. 2000) (concluding that "an Act of Congress" is on "full parity with a treaty.").

## II.   STATUTORY CONSIDERATIONS WEIGH IN FAVOR OF GRANTING THE UNITED STATES' APPLICATION

The authority for this Court to assist foreign tribunals in obtaining documents is contained in 28 U.S.C. § 1782. Section 1782 authorizes a district court to order the testimony or statement or the production of a document or thing from a person who "resides or is found" in that district "for use in a proceeding in a foreign or international tribunal." *Id.* § 1782(a). Such orders include those requested by a foreign or international tribunal and may direct that the testimony, statement, document, or thing "be produced before a person appointed by the court." *Id.* Following a § 1782 appointment, "the person appointed has power to administer any necessary oath and take the testimony or statement." *Id.* In addition, a § 1782 order "may prescribe the practice and procedure" for producing the document, including the practice and procedure of the requesting tribunal. *Id.* "To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure." *Id.*

Section 1782 "is the product of congressional efforts, over the span of nearly 150 years, to provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc*., 542 U.S. 241, 247 (2004). By this law, Congress intended that the United States set an example to other nations by making judicial assistance generously available. *See, e.g., In re Request for Assistance from Ministry of Legal Affairs of Trin. & Tobago*, 848 F.2d 1151, 1153-54 (11th Cir. 1988) (discussing several historical instances in which Congress has broadened § 1782, each time increasing the statute's ability to provide international judicial assistance), *abrogated on other grounds by Intel Corp.*, 542 U.S. 241. District courts have repeatedly appointed Department of Justice Attorneys to act as commissioners pursuant to this provision for the purpose of rendering judicial assistance to foreign courts in response to a request for assistance. *See, e.g., In re Clerici,* 481 F.3d 1324, 1327 (11th Cir. 2007) (affirming a district court's appointment of an Assistant United States Attorney to obtain sworn answers to questions posed in letters rogatory). *See also In re Request for Judicial Assistance From the Nat'l Court of Original Jurisdiction No. 68 in Buenos Aires, Argentina*, No. 3:19-MC-31-J-

39MCR, 2019 WL 5528394 (M.D. Fla. Oct. 25, 2019) (appointing Department of Justice Attorney commissioner to obtain evidence from Merrill Lynch).

This Court is authorized to provide assistance to the Korean Court if the three requirements set forth in § 1782 are met. Those requirements are: (1) the person or document for which discovery is sought resides or is found in the district; (2) the discovery is for use in a proceeding before a foreign or international tribunal; and (3) the application is made "by a foreign or international tribunal" or "any interested person." 28 U.S.C. § 1782(a). *Accord In re Application Pursuant to 28 U.S.C. § 1782 for an Order Permitting Bayer AG to Take Discovery,* 146 F.3d 188, 193 (3d Cir. 1988); *Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 83 (2d Cir. 2004) (quoting *In re Application of Esses*, 101 F.3d 873 (2d Cir. 1996)).

Here, each of these threshold statutory requirements is met. First, Google "resides or is found in" the Northern District of California, because Google's corporate offices or headquarters are in Mountain View, California. Second, the Letter of Request explains that the information sought is "for use in a proceeding before a foreign tribunal" as such information is needed to identify and contact the defendant as well as to investigate the defendant's YouTube account or channel. *See* Johns Decl. ¶ 2, Ex. 1. The alleged derogatory and insulting comments were made from the defendant's YouTube's account or channel. *Id.* Third, the Letter of Request itself also reflects that it "is made by a foreign or international tribunal." *Id.*

### III.   DISCRETIONARY CONSIDERATIONS WEIGH IN FAVOR OF GRANTING THE UNITED STATES' APPLICATION

Although "a district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so," *Intel*, 542 U.S. at 264, § 1782 "grants district courts wide discretion to determine whether to grant discovery and equally wide discretion to tailor such discovery to avoid attendant problems," *Esses*, 101 F.3d at 876.

The Supreme Court has identified four factors that a court may consider in exercising its wide discretion to grant a § 1782(a) request: (1) whether the person from whom the discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, character of the proceedings, and the receptivity of the foreign tribunal to judicial assistance; (3) whether the request conceals and

attempt to circumvent foreign proof-gathering or other policies of a foreign country or the United States; and (4) whether the request is unduly intrusive or burdensome. *Intel*, 542 U.S. 264-65.

The statute's "twin aims of providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts" should guide the Court's analysis. *In re Malev Hungarian Airlines*, 964 F.2d 97, 100 (2d Cir. 1992). *See also United States v. Morris (In re Letter of Request from Amtsgericht Ingolstadt, Fed. Republic of Ger.)*, 82 F.3d 590, 592 (4th Cir. 1996) ("Plainly, the . . . statute envision[s] considerable cooperation with foreign courts' requests for assistance and a general practice of reciprocity."). Here again, each of these discretionary factors weigh in favor of assisting the Korean Court.

With respect to the first factor, "although this factor was originally expressed as a 'participant' versus 'nonparticipant' analysis under the facts presented in *Intel*, the true question at hand is whether the requested discovery is available to the foreign tribunal without the assistance of this Court." *In re Request for Judicial Assistance from the Dist. Court in Svitavy, Czech*, 748 F. Supp. 2d 522, 526 (E.D. Va. 2010) [hereinafter *In re Svitavy*]. *See also Intel*, 542 U.S. at 264 ("[N]onparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid."); *Palantir Techs., Inc. v. Abramowitz*, 415 F. Supp. 3d 907, 912-13 (N.D. Cal. 2019) (finding that the first factor weighed in favor of granting the § 1782 application because the requesting German court was unable to compel the production of documents and testimony from a party residing or located outside Germany without U.S. court assistance). Google is not a party to the proceedings and is not subject to the Korean Court's jurisdiction because it is located in Mountain View, California; thus, the first factor weighs in favor of granting the motion.

Second, there is nothing in the Letter of Request to suggest that this Court should decline to grant the Application based on the nature of the Korean Court or the character of the proceedings. Additionally, this request was initiated by the Korean Court and not by an independent party; therefore, the Korean Court is clearly receptive to the assistance of this Court and the second factor weighs in favor of granting the motion. *See In re Request for Int'l Jud. Assistance from the Norrkoping Dist.*

1  *Court, Sweden,* 219 F. Supp. 3d 1061, 1063 (D. Colo. 2015 (holding that because the Swedish court

2  sought judicial assistance from the United States, the second *Intel* factor weighed in favor of

3  disclosure.).

4         With respect to the third factor, because the requester is the Korean Court, there is sufficient

5  assurance that the request for judicial assistance is not an attempt to circumvent the Korean Court's

6  discovery rules or to thwart policies of either the United States or the Republic of Korea. *See In re*

7  *Svitavy*, 748 F. Supp. 2d at 529 ("[T]he fact that the request was initiated by the Svitavy Court itself,

8  rather than a private litigant, provides sufficient assurance that the request does not attempt to

9  circumvent Czech discovery rules or Czech policy."). Therefore, the third *Intel* factor weighs in favor of

10  granting the Korean Court's request for judicial assistance.

11         And with respect to the fourth factor, the Letter of Request seeks (1) account information

12  associated with the YouTube channel http://www.youtube.com/@user-zg5hk4iq3u; (2) information

13  pertaining to the ownership of that YouTube channel; (3) information pertaining to the name, or names,

14  who, or that, signed up for the previously listed YouTube channel such as the name, address, phone

15  number, cellular phone number, email address, and identification number associated with the channel's

16  account; and (4) information pertaining to the receipt of any profits from the account or where any

17  profits from the previously listed channel are deposited. *See* Johns Decl. ¶ 2, Ex. 1. The information

18  sought would not be unduly intrusive or burdensome. *See, e.g., In re Application of Mesa Power Grp.,*

19  *LLC,* 878 F. Supp. 2d 1296, 1306 (S.D. Fla. 2012) (holding that "no undue burden exists because the

20  discovery requests being compelled through this Order are sufficiently tailored."); *In re Application of*

21  *MTS Bank,* No. 17-21545-MC, 2017 WL 3276879, at *13 (S.D. Fla. Aug. 1, 2017) (holding "An

22  objection must show specifically how a [discovery request] is overly broad, burdensome or oppressive,

23  by submitting evidence or offering evidence which reveals the nature of the burden.") (internal

24  quotations removed). *See also Mees v. Buiter, 793* F.3d 291, 302 (2d Cir. 2015) ("[W]hether a request is

25  intrusive or burdensome should not be assessed based on the 'discovery scope' available in a foreign

26  proceeding. Few if any foreign jurisdictions permit the scope of discovery available in our courts.").

27

28

1    And the information sought appears to pertain to the plaintiff identifying and contacting the

2   defendant as well as investigating the defendant's YouTube account or channel. The alleged slander and

3   derogatory and insulting comments were allegedly made from the defendant's YouTube account or

4   channel. *See id.*

5    Based on AUSA Johns' discussions with Google, it can access and obtain the requested

6   information with relative ease. As reflected in the accompanying proposed order, Google also provides

7   the affected parties or entities with notice of 21 days before it will produce the requested information.

8   Therefore, the requests would not be unduly intrusive or burdensome.

9    Finally, Google has indicated its willingness to provide the requested evidence once served with

10  a subpoena. *See* Johns Decl. ¶ 6. Thus, the fourth factor also weighs in favor of granting the request.

11   In summary, consideration of the four discretionary factors set forth by the Supreme Court in

12  *Intel* favors authorizing judicial assistance to the Korean Court.

13                                    **CONCLUSION**

14   Attached to the Declaration of Assistant United States Attorney Douglas Johns is the proposed

15  subpoena that this office intends to serve (in substantially similar format) on Google should the Court

16  grant the Application pursuant to 28 U.S.C. § 1782. Upon receipt, the affidavit will be sent to the

17  Department of Justice, Civil Division, Office of International Judicial Assistance for transmission to the

18  Incheon District Court in Incheon, Republic of Korea.

19   WHEREFORE, the United States respectfully requests that the Court issue an Order, in the form

20  attached to the Application, appointing Assistant United States Attorney Douglas Johns Commissioner

21  for the purpose of issuing a subpoena to execute the request for international judicial assistance.

22                                    Respectfully submitted,

23                                    ISMAIL J. RAMSEY
                                     United States Attorney
24

25  DATED: July 11, 2024              */s/ Douglas Johns*
                                     DOUGLAS JOHNS
26                                    Assistant United States Attorney

27

28